PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SANTOS ROSA, Defendant and Appellant.

No. 2861. Argued November 23, 1926.—Decided July 30, 1927.

*Buenaventura Esteves* for the appellant.   *José E. Figueras* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Santos Rosa was accused of murder in the second degree for having killed Manuel Torres, and after having been convicted by a jury of voluntary homicide he moved for a new trial.  The court overruled that motion and rendered judgment sentencing him to three years in the penitentiary. Thereupon the defendant appealed from the order overruling the motion for a new trial and from the judgment.

In support of his appeal the appellant assigns six errors, the first five assignments being that the court erred in admitting certain evidence and the sixth that the verdict of the jury and the judgment are contrary to the evidence and to the law.  We shall begin with the last assignment, for when the facts are known it will be easier of course to decide the other assignments of error.

It appears from the evidence for the prosecution that in the morning of September 2, 1924, and on a street of the town of San Sebastián, Manuel Torres, now dead, Tomás Montalván, known as Villa, and Santiago López were sitting on some barrels and in conversation when Alejandro Rosa, known as Pito Rosa, brother of the defendant, approached and slapped the face of Manuel Torres who then went after him with some object which he drew from under his shirt, some witnesses saying that it was a small dagger or knife wrapped in paper; that Pito Rosa then ran to the shop of his brother Santos Rosa near that place and asked his brother for help, saying that they were about to kill him; that Manuel Torres remained where he was with the other two men and that Santos Rosa came from his shop with a revolver in his hand and walked towards Manuel Torres, firing a shot at him at a distance of four to five meters without wounding him, whereupon Manuel Torres jumped on the defendant with a small dagger in his hand when Santos aimed lower and fired at him twice, hitting him with the second shot which caused his death a few moments after; that he returned to his shop where, according to some witnesses, he inflicted a wound in his brother Pito's arm so as to make it appear that he had been wounded by Manuel Torres.

The defendant admitted at the trial that he fired at Manuel Torres and killed him, but tried to prove that he did so in defense of his brother Pito, for which purpose he introduced evidence to show that when Pito Rosa was shouting for help and he went out with the revolver and fired at Manuel Torres the latter was pursuing his brother with a knife, and that Manuel Torres was a dangerous and quarrelsome man who had served sentences for burglary, which facts were known to the defendant as testified by him.

If the facts had been as related by the defense the accused would have acted in his brother's defense and would have been exempt from criminal liability as provided in sections 52 and 54 of the Penal Code; but the evidence for the

prosecution does not justify the killing of Torres by the appellant because that evidence shows that Manuel Torres was not pursuing or trying to wound Pito Rosa when the appellant fired at and killed him; and as the verdict of guilty found by the jury shows that the jury adjusted the conflict in the evidence in favor of the prosecution, we must accept their finding in which there is no error.

Now we are in a position to consider the other grounds of the appeal.

The first is the overruling by the court of the motion of the defense to strike out the following question propounded by the prosecution to witness Santiago López: "Then Manuel Torres did not follow him?"

That witness testified that while he was sitting on some barrels with Villa and Manuel Torres, Pito Rosa came up and slapped Torres who went after him with something that he drew from under his shirt, whereupon Pito Rosa ran and called to his brother, shouting, "Santos, they want to kill me!" and that the witness, Villa and Manuel Torres stood there. The district attorney asked him, "Then Manuel Torres did not follow him?" to which the witness answered, "No, sir." After this answer was given the defense moved to strike it out as it was a leading question, but the court overruled the motion.

As the witness had testified before that question was asked that Manuel Torres had stayed where he was, we do not see that it is prejudicial to him, even if it is a leading question, because it had no other object than to insist on what the witness had already stated.

The second and third grounds are taken up together by the appellant and we shall do the same. They are to the effect that the court had allowed the witness Juan Pérez to testify as to what Santos Rosa did to his brother Pito after the event; and that it had allowed the prosecuting attorney to examine two of his witnesses as regards facts which had

occurred subsequent to the death of Manuel Torres, not connected with the matter at issue and which did not form part of the *res gestae*. Such questions referred to the wound inflicted by Santos Rosa in the arm of his brother Pito on his return to the shop.

That testimony is a part of the *res gestae* because it refers to a fact which occurred immediately after the shots were fired at Manuel Torres and are related to the matter of the guilt of the defendant.

The fourth and fifth assignments are also taken up together by the appellant in his brief. One of them is that the trial court ruled that the prosecuting attorney could examine witness Juan Cubero on his testimony given previous to the trial before the district attorney and the municipal judge of San Sebastián; and the other is that it had allowed the prosecuting attorney to read to his witnesses their testimony given before the municipal judge in the preliminary investigation made by him in the present case, and that it had admitted in evidence one of those declarations.

It happened in this case, as in many others, that some of the witnesses for the prosecution testified to something different from what they had stated in the preliminary investigation of the case and the prosecuting attorney read to them a part of their previous testimony in order to refresh their memory.

Section 243 of the Code of Civil Procedure allows the party producing a witness to contradict him by showing that he has made at other times statements inconsistent with his present testimony, and this is what the prosecution did in the present case. In *People* v. *Jacobs*, 49 Cal. 384, it was said:

"There is, undoubtedly, some confusion in the adjudged cases upon this and kindred questions concerning the limit to which a party may go in contradicting the evidence of his own witness, who unexpectedly testifies against him. The rule most consonant to reason, I think, is that given in Greenleaf, Vol. 1, sec. 444 *a*; Redfield's edition: . . . . 'You may cross-examine your own witness if'

he testify contrary to what you had a right to expect, as to what he had stated in regard to the matter on former occasions, either in court or otherwise, and thus refresh the memory of the witness, and give him full opportunity to set the matter right if he will; and, at all events, to set yourself right before the jury. But you can not do this for the mere purpose of discrediting the witness; nor can you be allowed to prove the contradictory statements of the witness upon other occasions, but must be restricted to proving the facts otherwise by other evidence.'"

In this case the prosecuting attorney read to those witnesses their previous testimony so that they might explain their contradictions, and they admitted that the statements made in the written testimony read to them were true. As regards the admission in evidence of one of those written statements, there is no reference made by the appellant in this particular to the statement of the case, nor do we find it there.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.

### ON RECONSIDERATION

No. 2861. Decided November 30, 1927.

Mr. Justice Aldrey delivered the opinion of the court.

In the opinion affirming the judgment appealed from in the present case we made the following statements: "As regards the admission in evidence of one of those written statements, there is no reference made by the appellant in this particular to the statement of the case, nor do we find it there."

By reason of that statement we are asked to reconsider our judgment, it being alleged that the statement of the case contains the following: "Prosecution.—I submit the declaration made by Juan Pérez before the municipal judge of San Sebastián, as it has been objected to by the defense; I wish to offer it in evidence to show that the testimony given here today is the same as that given before the municipal judge of San Sebastián on the day of the occurrence. I call

attention to the fact that this word and the word 'ojo' in pencil have been written by me.''

The failure of the appellant to refer explicitly in his brief to this incident in the testimony of Juan Pérez and to cite the page of the statement of the case where it could be found, as we have repeatedly said, should be done in order to spare us the trouble of looking for it among the many that usually happen in a trial, has been the cause of our mistake in saying that nothing appeared from the statement of the case; but, as we will state, it is no justification for reversing the judgment rendered.

Juan Pérez, a government witness, said in his testimony, among other things, that after having fired at Manuel Torres Santos Rosa went away to his shop and there wounded his brother Pito with a knife so as to make it appear that it had been done by Manuel Torres. On being examined by the defense he testified that the foregoing statement had been made also by him to the prosecutor in his office and to the jury. The defense then said that it would contradict the testimony of the witness by other testimony given by him at a former trial, where it does not appear that the witness testified in regard to the wound inflicted by Santos Rosa on his brother Pito; but we must say that he was not questioned on that point either by the prosecution or by the defense.

In contradiction of this evidence of the defense the prosecution submitted the testimony given by Juan Pérez before the municipal judge of San Sebastián in order to show that the testimony given by him at the trial was the same as that given by him before the aforesaid judge on the day of the occurrence and was admitted over the opposition of the defense.

Although that declaration made by the witness before the municipal judge of San Sebastián has not been embodied in the transcript before us, we may say, however, that its admission is no justification for a reversal of the judgment appealed from. The general practice or the best practice

is that when a witness has been impeached by reason of contradictory declarations, his credit can not be sustained by proof that on other occasions the witness has made declarations consistent with the impeached testimony. *People* v. *Doyell,* 48 Cal. 85, 40 Cyc. 2760. As has been stated in that case, the mere fact of contradictory declarations having been made would tend to impeach the witness. To add a little weight to either of the contradictory declarations, as well as other collateral matters, is improper in a trial.

However, in the case at bar no declarations really contradictory were made, and what merely happened was that the witness failed to testify in regard to facts on which he had never been questioned and about which it was not shown it was his duty to testify or he had had the opportunity to do so.

After the explanation made at the outset we must say that there is no justification for setting aside our judgment and therefore the motion to reconsider must be dismissed.